# CITY COURT OF BROOKLYN.

ADAM D. WHEELOCK, as assignee, &c., agt. HENRY M. LEE.

*Assignee in bankruptcy — action to recover assets of bankrupt — in what court
it must be brought — jurisdiction of state court — of United States district
court — when exclusive — section 2 of chapter 390 of act of Congress of 1874.*

The city court of Brooklyn has jurisdiction of an action by an assignee
in bankruptcy, to collect debts and recover property alleged to belong
to the bankrupt. Such an action is not a matter or proceeding in bank-
ruptcy, of which the federal courts have exclusive jurisdiction.

The effect of the provision of the act of Congress of 1874 (*ch.* 390, *sec.* 2),
is not to confer or take away jurisdiction of the state courts, but simply
to allow the federal courts of original jurisdiction, to decline to enter-
tain actions at common law to which the assignee is a party, in which
the debt demanded is less than the amount which determines the juris-
diction in other cases.

The case of *Olcott* agt. *Maclean* (10 *Hun*, 277) distinguished.

*General Term, December,* 1877.

REYNOLDS, J. — The first question to be considered is
whether the court has jurisdiction of this action. It is a suit
brought by an assignee in bankruptcy, to collect debts and
recover property alleged to belong to the bankrupt. The
bankrupt act of 1867, section 1, gives the district courts juris-
diction (among other matters) "of the collection of the assets
of the bankrupt." This jurisdiction has been repeatedly held
to be not exclusive, but concurrent with that of the state courts.
Such an action is not a matter or proceeding in bankruptcy
of which the federal courts have exclusive jurisdiction (*See
Clafflin* agt. *Houseman*, 93 *U. S.*, 130 ; *Cook* agt. *Whipple*,
55 *N. Y.*, 150). It is claimed, however, that the state courts
have been deprived of jurisdiction in such actions, except in

a limited class of cases, by section 2, of chapter 390, Laws
of 1874. This is an amendment of section 1 of the bank-
rupt act above referred to, and is as follows : " Provided that
the court having charge of the estate of any bankrupt, may
direct that any of the legal assets or debts of the bankrupt, as
contradistinguished from equitable demands, shall, when such
debt does not exceed $500, be collected in the courts of the
state where such bankrupt resides, having jurisdiction of
claims of such nature and amount." As I read this proviso,
it neither professes to confer any jurisdiction upon the state
courts nor to take away any jurisdiction which they possess.
Its obvious purpose and construction is to empower the dis-
trict courts to rid themselves of a certain class of cases, by
sending them to a forum, which is recognized as already having
jurisdiction over such matters. We are referred to the case
of *Olcott* agt. *Maclean* (10 *Hun*, 277) as holding that the
state courts are deprived of jurisdiction except in the cases
which the district courts may direct to be brought before them.
We have very great respect for the authority of the court
making that decision, but if the reasoning is meant to apply
to a case like the one before us we are unable to concur in it.
That action was brought upon a case arising under the laws
of the United States ; the cause of action was created by the
bankrupt laws, and it may be that of such a cause of action,
the courts of the United States have exclusive jurisdiction ;
but the cause of action in this case existed, independent of any
act of congress, the assignee merely standing in the place of
the borrower, to prosecute an action which he might have
maintained if he had not become a bankrupt. The court, in
*Olcott* agt. *Maclean* (*p.* 281), says, " enumerating the cases
that might be prosecuted in such courts" (state courts),
" excluded all others not included by the import of the terms
made use of." But section 1 of the bankrupt act, either as
originally passed or amended by the act of 1874, is one con-
ferring jurisdiction on the district courts, not on the state
courts ; it does not say what the state courts may or may not

Wheelock agt. Lee.

try; as amended, it specifies what the district courts may decline to try, leaving it optional with them to do so or not. It neither takes away the jurisdiction of the district courts in those cases which they may send to the state courts, nor the jurisdiction of the state courts in such actions as cannot thus be sent to them. In the latter cases the selection of the tribunal is left to the suitor and not to the district court. The view we have thus taken concurs with that held by judge GILBERT, in a case before him at special term, and is in accordance with the decision of the supreme court of Massachusetts, in *Goodrich* agt. *Wilson* (119 *Mass.*, 429). GRAY, C. J., says: "The effect of the provision of the act of congress of 1874 (*chap.* 390, *sec.* 2), is not to confer or take away jurisdiction of the state courts, but simply to allow the federal courts of original jurisdiction to decline to entertain actions at common law to which the assignee is a party, in which the debt demanded is less than the amount which determines the jurisdiction in other cases."

McCUE, J., concurs.